NOT DESIGNATED FOR PUBLICATION

No. 119,353

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JORGE IVAN HERNANDEZ,
*Appellant.*

MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed May 10, 2019. Affirmed and remanded with directions.

*Vincent Rivera*, of Olathe, for appellant.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., SCHROEDER, J., and STUTZMAN, S.J.

PER CURIAM: About two and a half months after sentencing, Jorge Hernandez filed a motion to withdraw his no-contest plea to a single count of misdemeanor stalking. Hernandez contended the State's complaint failed to notify him fully of the charge against him, so he did not knowingly and intelligently enter his plea. The district court heard argument but found Hernandez had shown no manifest injustice to warrant withdrawal of his plea and denied the motion. We find no abuse of discretion by the district court in denying Hernandez' motion and affirm the denial, but we remand with instructions for further findings by the district court as described below.

1

On March 15, 2017, the State charged Hernandez with a single count of misdemeanor stalking. The complaint alleged Hernandez:

"[U]nlawfully and knowingly engage[d] in a course of conduct targeted at a specific person, to-wit: [P.R.], which would cause a reasonable person in the circumstances of [P.R.] to fear for their safety, and the targeted person was actually placed in such fear, a Class A person misdemeanor, in violation of K.S.A. 21-5427 and K.S.A. 21-6602(a)(1). (stalking)."

Hernandez signed a plea agreement dated September 18, 2017, that called for him to plead to "misd. stalking," in exchange for specified sentencing recommendations to be made by the State. On that same date, Hernandez appeared in the district court and when the district judge asked "How do you plead to the complaint charging stalking?" Hernandez responded: "No contest, Your Honor." After the State provided a factual basis for the plea, the district court accepted the plea and found Hernandez "guilty as alleged in this complaint."

The district court proceeded immediately to sentencing and adopted the recommendations from the plea agreement. The court ordered a 9-month jail sentence, but granted probation for 12 months, to be supervised by court services. The court detailed the terms of probation and elaborated on the meaning of "no contact" with P.R.

A journal entry of judgment was prepared and filed, also on September 18, 2017. In "Section III. Current Conviction Information," the journal entry listed "Stalking" as the primary offense, and "KSA 21-5427" in the place for "K.S.A. Title, Section, Subsection(s)."

On November 28, 2017, Hernandez filed a motion to withdraw his plea, claiming manifest injustice based on the failure of the State to specify in the complaint the subsection of K.S.A. 21-5427 he was charged with violating. Because of that, Hernandez contended he was not properly informed of the charge against him. The State filed its response on January 18, 2019, arguing that the complaint met all the requirements of statutory law and caselaw and that Hernandez was completely aware of the nature of the charge against him when he entered his no-contest plea.

Hernandez' motion came before the district court on January 26, 2018. He appeared in person, with his new counsel. The district court denied the motion, and specifically found that: (1) Hernandez was represented by competent counsel; (2) he had a beneficial plea deal; (3) he was not confused about anything at the plea hearing; and (4) the facts presented would support either of the subsections for misdemeanor stalking.

Hernandez appeals the denial of his motion.

ANALYSIS

Hernandez contends he did not have proper notice of the charge lodged against him, so he did not enter his plea knowingly. Consequently, he asserts the district court's denial of his motion to withdraw plea was error.

*Standard of review*

Appellate courts exercise de novo review over claims of defects in charging documents, which implicates the interpretation of statutes, constitutional provisions, and written instruments. *State v. Dunn*, 304 Kan. 773, 819, 375 P.3d 332 (2016). The standard for review of a motion to withdraw plea after sentencing is also well settled:

3

"Our standard of review on denial of a postsentencing motion to withdraw plea is abuse of discretion. *State v. Bricker,* 292 Kan. 239, 244, 252 P.3d 118 (2011). A defendant bears the burden to demonstrate such an abuse. 292 Kan. at 244. "'Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.,* if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.,* if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.,* if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based.' *State v. Ward,* 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012)." *State v. Morris*, 298 Kan. 1091, 1100, 319 P.3d 539 (2014).

## Discussion

### *Denial of motion to withdraw plea was not abuse of discretion*

K.S.A. 2018 Supp. 22-3210(d)(2), grants authority for a district court to set aside a defendant's plea after sentencing when the court finds it is necessary to correct "manifest injustice."

"Courts in this state generally consider the three *Edgar* factors when judging whether a movant has established manifest injustice: "'(1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made."' *State v. Morris*, 298 Kan. 1091, 1100, 319 P.3d 539 (2014) (quoting *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 [2006]). 'All of the *Edgar* factors need not apply in a defendant's favor in every case, and other factors may be duly considered in the district judge's discretionary decision on the existence or nonexistence of good cause.' *State v. Aguilar*, 290 Kan. 506, 513, 231 P.3d 563 (2010); see *State v. Glover*, 50 Kan. App. 2d 991, 996, 336 P.3d 875 (2014) ('[D]istrict courts may consider other relevant factors in order not to "distort the concept of good cause."')". *State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018).

Hernandez bases his claim on what he argues was the State's fatal error of omitting any reference to one of the subsections of the stalking statute in the complaint filed

4

against him. From that he contends he could not have entered a plea knowingly and intelligently, because he lacked information about the charge against him. The fundamental requirements for the content of charging documents are set by K.S.A. 22-3201(b):

"The complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged, which complaint, information or indictment, drawn in the language of the statute, shall be deemed sufficient. . . . A complaint shall be signed by some person with knowledge of the facts. Allegations made in one count may be incorporated by reference in another count. The complaint, information or indictment shall state for each count the official or customary citation of the statute, rule and regulation or other provision of law which the defendant is alleged to have violated. *Error in the citation or its omission shall be not ground for dismissal of the complaint, information or indictment or for reversal of a conviction if the error or omission did not prejudice the defendant.*" (Emphasis added.)

The State charged Hernandez with stalking, as a Class A misdemeanor. The crime of stalking, as defined in K.S.A. 2018 Supp. 21-5427, can be committed as a misdemeanor by acting in a way that satisfies the elements prescribed in either of two subsections:

"(a) Stalking is:
(1) *Recklessly engaging in a course of conduct* targeted at a specific person which would cause a reasonable person in the circumstances of the targeted person to fear for such person's safety, or the safety of a member of such person's immediate family and the targeted person is actually placed in such fear;
(2) *engaging in a course of conduct* targeted at a specific person *with knowledge* that the course of conduct will place the targeted person in fear for such person's safety or the safety of a member of such person's immediate family." (Emphases added.)

Again, for comparison, the State's complaint alleged Hernandez:

5

"[*u*]*nlawfully and knowingly engage[d] in a course of conduct* targeted at a specific person, to-wit: [P.R.], which would cause a reasonable person in the circumstances of [P.R.] to fear for their safety, and the targeted person was actually placed in such fear, a Class A person misdemeanor, in violation of K.S.A. 21-5427 and K.S.A. 21-6602(a)(1). (stalking)." (Emphasis added.)

The State's complaint substantially mirrors the language in K.S.A. 2018 Supp. 21-5427(a)(1), describing stalking committed recklessly. As charged, however, the State took on the burden of proving Hernandez acted knowingly—a higher culpable mental state than acting recklessly. See K.S.A. 2018 Supp. 21-5202(b). In his plea agreement, Hernandez agreed to plead "Guilty as charged (misd. stalking)." At the plea hearing, with the State's consent, he pled no contest, rather than guilty. In support of the plea, the State presented a summary of the facts it contended it would prove if the case went to trial. Hernandez was present and heard those facts. When the district court asked whether he was contesting or disagreeing with the State's asserted facts, Hernandez replied: "Agreeing with them."

Before accepting Hernandez' plea, the district court detailed the rights Hernandez would be giving up if the court accepted his plea. Hernandez confirmed his understanding of those rights and his desire to waive them. Because the district court decided to take a break in the plea proceedings to let Hernandez confer further with his attorney, Hernandez told the court at two separate times that he had sufficient time to consult with his counsel and was satisfied with his attorney's advice.

To summarize, the record shows Hernandez: had counsel with whom he could discuss the State's complaint; agreed to plead guilty as charged; pled no contest to the complaint as it had been filed; affirmed his agreement with the facts presented by the State in support of his plea; and twice confirmed the sufficiency of his discussions with counsel and his satisfaction with those services. Of particular relevance to his appeal is

6

the fact that Hernandez did not contest the fact that the State's evidence, if presented at trial, would show he acted knowingly, as charged in the complaint.

Near the end of the hearing on Hernandez' later motion to withdraw his plea, the following exchange occurred: "[Counsel for Hernandez]: Judge, what's the Court's finding as to which version of stalking he was convicted under? The Court: I find the fact[s] would be sufficient on all of them. All of them."

The hierarchy of culpable mental states has relevance beyond the burden placed on the State. K.S.A. 2018 Supp. 21-5202(c) explains the functional relationship of those mental states:

> "Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged. *If recklessness suffices to establish an element, that element also is established if a person acts knowingly or intentionally.* If acting knowingly suffices to establish an element, that element also is established if a person acts intentionally." (Emphasis added).

Hernandez' claim that he should be allowed to withdraw his plea because the complaint and plea proceedings failed to specify whether he was convicted of acting knowingly or recklessly is totally without basis. Since Hernandez confirmed when he entered his plea that he was not contesting the fact the State could prove he acted knowingly, he necessarily conceded the State also could prove he acted recklessly. In addition, each of the *Edgar* factors works against Hernandez. The record is clear he had competent counsel; he offers nothing suggesting how he was misled or taken advantage of; and he "fairly and understandingly" made his plea, which encompassed both the knowing and reckless culpable mental states.

Further, the statute governing charging documents could not be more clear about the effect of an error or omission in a complaint's citation to the crime being charged:

7

"Error in the citation or its omission shall be not ground for dismissal of the complaint, information or indictment or for reversal of a conviction if the error or omission did not prejudice the defendant." K.S.A. 22-3201(b). As noted, whether charged knowingly or recklessly, misdemeanor stalking is still a Class A person crime and Hernandez lays out no persuasive theory about how any ambiguity caused him prejudice.

We find nothing to show the district court abused its discretion in denying Hernandez' motion to withdraw plea.

*Remand for clarification*

While Hernandez fails in his claim that the district court should have allowed him to withdraw his plea, the State's failure to designate the subsection of K.S.A. 2018 Supp. 21-5427 applicable to Hernandez' charge and conviction is not without importance. Subsection (b) of K.S.A. 2018 Supp. 21-5427 sets the offense levels for the three types of stalking described in the section. A first offense for the misdemeanor crime is, as we have noted, the same for both versions. The classification for second offenses, however, differs: a second offense under 21-5427(a)(1)—the reckless commission of the crime—is a severity level 7 person felony; a second offense under 21-5427(a)(2)—the knowing commission of the crime—is a severity level 5 person felony.

The State's failure to completely identify the charge in the complaint, at the plea hearing, or in the sentencing journal entry, affects Hernandez' criminal history and the proper charge in the event of a repeat offense. We must, therefore, remand to the district court for the findings and amended orders needed to clarify the specific stalking charge to which Hernandez entered his plea.

Affirmed and remanded with instructions.

8